**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| CREATIVE COMPOUNDS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:11-cv-172 |
| v. ) | |
| ) | |
| RON KRAMER and SAL ABRAHAM, ) | |
| ) | |
| Defendants. ) | |

**DECLARATORY JUDGMENT COMPLAINT**

COMES NOW plaintiff Creative Compounds, LLC ("Creative"), by and through counsel, and for its cause of action against defendants Ron Kramer and Sal Abraham, states to the court as follows:

**THE PARTIES**

1. Plaintiff Creative is, and at all times relevant herein was, a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business in the County of Scott, State of Missouri.

2. Upon information and belief, defendant Ron Kramer ("Kramer") is, and at all times relevant herein was, an individual residing in the State of Arizona.

3. Upon information and belief, defendant Sal Abraham ("Abraham") is, and at all times relevant herein was, an individual residing in the State of New Jersey.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this is a declaratory judgment action under 28 U.S.C. § 2201 for patent non-infringement and patent invalidity.

5. This Court has personal jurisdiction over defendants because Kramer on behalf of himself and as a agent for Abraham, purposefully directed threats of legal action against to the State of Missouri and to this District against Creative, which gave rise to the case and controversy that is the subject of this action.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the threats which gave rise to this cause of action, were made in this District.

## FACTS COMMON TO ALL COUNTS

7. Creative is in the business of selling bulk raw ingredients to the food industry with an emphasis on the sports nutrition and dietary supplement segments of the industry.

8. On or about September 21, 2011, Creative began offering for sale diiodothyroacetic acid ("DIAC"), which is a major metabolite of the natural thyroid hormone, triiodothyronine.

9. Upon information and belief, Kramer and Abraham are the owners of, and the listed inventors on, U.S. Patent No. 7,919,533 ("the '533 Patent").

10. The '533 Patent claims methods of using DIAC to increase lean body mass and to a dietary supplement comprising DIAC.

11. Creative offers DIAC for sale, but does not induce others to practice the methods claimed in the '533 Patent.

12. Creative also does not sell, offer for sale, import, or export dietary supplements.

13. It is up to the purchasers of Creative's products to determine how they will be used and in what finished products they will be included.

14. DIAC has been a known compound for many years.

15. If the methods of using DIAC as claimed in the '533 Patent can even be performed, it would be inherently performed by the natural DIAC created in the body through metabolizing triiodothyronine.

16. It would have been obvious to one of ordinary skill in organic chemistry to practice the methods claimed in the '533 Patent and to make the dietary supplement claimed in the '533 Patent.

17. On September 22, 2011, Kramer sent an e-mail to Creative did not immediately contact him to discuss the issue concerning Creative's offer to sell DIAC and the '533 Patent.

18. On September 23, 2011, the undersigned counsel for Creative contacted Kramer.

19. The undersigned counsel pointed out that Kramer could not sue for infringement without Abraham joining as a plaintiff.

20. Kramer indicated that he was speaking on behalf of Abraham, as well; had the authority to do so; and threatened that Kramer and Abraham would jointly sue Creative if Creative persisted in offering to sell DIAC.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

21. Creative incorporates by reference the allegations of paragraphs of 1 through 16 of the Complaint, as if fully set forth herein.

22. There exists an actual controversy between the parties as to whether Creative's offers to sell DIAC infringes the claims of the '533 Patent.

23. Creative does not practice any of the methods claimed in the '533 Patent.

24. Creative does not induce others to practice any of the methods claimed in the '533 Patent.

25. Creative does not make, sell, offer to sell, import, or export the products claimed in the '533 Patent.

26. Creative does not induce others to make, sell, offer to sell, import, or export the products claimed in the '533 Patent.

27. Creative does not contribute to the manufacture, sale, offer to sell, importation, or exportation of the products claimed in the '533 Patent.

28. Creative's offer to sell and/or its anticipated sale of DIAC does not infringe any claims of the '533 Patent.

29. Defendants' allegations of infringement adversely affect Creative because, until the Court makes a determination of Creative's rights, Creative will be in doubt as to its right to make, sell, offer to sell, import, or export DIAC.

WHEREFORE, Creative prays that this Court enter a declaratory judgment in favor of Creative and against defendants, that Creative's offer to sell and/or its anticipated sale of DIAC does not infringe any claims of the '533 Patent, and for such other and further relief as this Court deems just and proper.

## COUNT II – DECLARATORY JUDGMENT OF INVALIDITY

30. Creative incorporates by reference the allegations of paragraphs of 1 through 28 of the Complaint, as if fully set forth herein.

31. There exists an actual controversy between the parties as to whether the claims of the '533 Patent are valid.

32. Each claim of the '533 Patent is invalid for failure to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112 or other statutory or regulatory requirement under U.S. patent law.

- 5 -

33. The dispute over the validity of the claims of the '533 Patent adversely affect Creative because, until the Court makes a determination of the patent's validity, Creative will be in doubt as to its right to make, sell, offer to sell, import, or export DIAC.

WHEREFORE, Creative prays that this Court enter a declaratory judgment in favor of Creative and against defendants, that all of the claims of the '533 Patent are invalid for failure to meet the requirements of Title 35 of the United States Code and/or Title 37 of the Code of Federal Regulations, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/Matthew A. Rosenberg
Matthew A. Rosenberg, #69792
LAW OFFICES OF MATTHEW ROSENBERG, LLC
36 Four Seasons Ctr., #116
St. Louis, MO 63017
(314) 256-9699
(314) 786-0532 Fax

*Attorney for Plaintiff Creative Compounds, LLC*